**In re GEORGE TRANSFER, INC., Debtor.**

**In re MACK BROTHERS, INC., Debtor.**

**In re TRI–L TRANSPORT, INC., Debtor.**

**Bankruptcy Nos. 96–5–1292–JS to 96–5–1294–JS.**

United States Bankruptcy Court, D. Maryland.

April 22, 1997.

Kenneth Oestreicher, Whiteford, Taylor & Preston, L.L.P., Baltimore, MD, for debtors.

Mary Lou Haas, Office of Attorney General, Department of Justice, Portland, OR, for Oregon Dept. of Transportation.

## MEMORANDUM OPINION OVERRULING OBJECTION TO CLAIM OF OREGON DEPARTMENT OF TRANSPORTATION

JAMES F. SCHNEIDER, Bankruptcy Judge.

The debtors filed an objection [P. 198] to the claim of the Oregon Department of Transportation ("ODOT"). The issue for determination is whether ODOT as a governmental unit must file a proof of claim within the time period set by Federal Rule of Bankruptcy Procedure 3003(c), or within the time period set by Bankruptcy Code Section 502(b)(9). This opinion holds that Section 502(b)(9), which establishes a bar date for governmental units no sooner than 180 days after the order for relief, is an exception to Rule 3003(c), and therefore, the claim was filed timely and the objection to the claim will be overruled.

*FINDINGS OF FACT*

1. On February 16, 1996, the debtors, George Transfer, Inc., a Maryland corporation, and Mack Brothers, Inc., and Tri–L Transport, Inc., Virginia corporations, filed voluntary Chapter 11 bankruptcy petitions in this Court. On August 1, 1996, the cases were consolidated [P. 116]. The debtors are engaged in the business of trucking and transporting freight in interstate commerce.

2. On March 11, 1996, the debtors scheduled the Oregon Department of Transportation as a priority tax creditor with a claim in the amount of $206.79. Schedules [P. 41].

3. It is undisputed that ODOT, as a department or instrumentality of the government of the State of Oregon, is a governmental unit. *See* Conclusion of Law No. 4.

4. On March 14, 1996, this Court issued a notice of commencement of case [P. 51] which established July 9, 1996, as the deadline for filing proofs of claim.

5. On July 11, 1996, two days after the bar date, and 146 days after the cases were filed, ODOT filed its proof of claim (Claim No. 296). The claim consisted of a priority tax claim for Oregon highway use taxes and interest for the period covering April 1, 1993 through February 16, 1996, the date of filing, in the amount of $18,856.94, and an unsecured claim for penalties in the amount of $4,901.89.

6. On December 16, 1996, the debtors filed the instant objection [P. 198] to the claim of ODOT on the ground that it was filed after the bar date and that ODOT was therefore limited to a priority claim in the amount of $206.79, the amount of the claim scheduled by the debtor.

7. On January 7, 1997, ODOT filed a memorandum in support of its claim [P. 215] which asserted that Section 502(b)(9) of the Bankruptcy Code entitled governmental units to file claims as late as 180 days after the date of the order for relief, and superseded bar dates established pursuant to the Federal Rules of Bankruptcy Procedure.

*CONCLUSIONS OF LAW*

1. Federal Rule of Bankruptcy Procedure 3003 governs the filing of claims in Chapter 11 cases. Rule 3003 provides in pertinent part:

(a) Applicability of Rule. This rule applies in chapter 9 and 11 cases.

(b) Schedule of Liabilities and List of Equity Security Holders.

(1) Schedule of Liabilities. The schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. It shall not be necessary for a creditor or equity security holder to file a proof of claim or interest except as provided in subdivision (c)(2) of this rule.

\* \* \* \* \* \*

(c) Filing Proof of Claim.

(1) Who May File. Any creditor or indenture trustee may file a proof of claim within the time prescribed by subdivision (c)(3) of this rule.

(2) Who Must File. Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

(3) Time for Filing. The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.

\* \* \* \* \* \*

(4) Effect of Filing Claim or Interest. A proof of claim or interest executed and filed in accordance with this subdivision shall supersede any scheduling of that

claim or interest pursuant to § 521(1) of the Code.

Fed.R.Bankr.P. 3003.

■■ 2. A debtor's schedule of liabilities constitutes *prima facie* evidence of the validity and amount of the scheduled claims. Fed. R.Bankr.P. 3003(b)(1). A creditor whose claim is not scheduled or is scheduled as disputed, contingent or unliquidated must file a proof of claim. If no proof of claim is timely filed, the creditor may participate in voting and distribution only to the extent warranted by the debtor's schedules. Fed. R.Bankr.P. 3003(c)(2). The Court may set a bar date for filing proofs of claim. Fed. R.Bankr.P. 3003(c)(3).

■■ 3. A claim is allowed unless a party in interest objects. 11 U.S.C. § 502(a). An objection to claim may be filed with proper notice to the claimant. Notice of the debtors' objection to the claim of ODOT was proper. Rule 3007 and Local Rule 27 set forth the notice requirements for an objection to claim. Rule 3007 provides:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

Fed.R.Bankr.P. 3007. Local Rule 27 provides:

> (a) In addition to the service required by Federal Rules of Bankruptcy Procedure 9014 and 7004(b), the objecting party shall serve a copy of the objection to claim and memorandum in support, if any, upon the claimant at the address (and care of the individual) shown on the proof of claim, and shall so certify. The Objection shall advise the claimant conspicuously that:
>
> > (1) within thirty (30) days of the date on the certificate of service of the objection, the claimant shall file and serve a responsive memorandum opposing the objection, together with any documents and other evidence the claimant wishes

to attach in support of its claim, unless the claimant wishes to rely solely upon the proof of claim and responsive memorandum; and

> > (2) an interested party may request a hearing that may be held in the Court's discretion.
>
> (b) This Rule does not apply where an objection to a claim is joined with a request for relief of a kind specified in Federal Rule of Bankruptcy Procedure 7001 and is thereby filed as an adversary proceeding.
>
> (c) In Chapter 13 cases, a copy of the proof of claim shall be attached to the objection to claim.

Local Bankr.R. 27.

■■ 4. The Bankruptcy Reform Act of 1994 amended Section 502 of the Bankruptcy Code to create an exception for governmental units to the bar date provision of Federal Rule of Bankruptcy Procedure 3003(c)(3). Pub.L. No. 103–394 § 213, 108 Stat. 4106 (1994), codified at 11 U.S.C. § 502(b)(9). ODOT is a "governmental unit" as defined in Section 101(27), which provides:

> 'governmental unit' means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

11 U.S.C. § 101(27). Section 502(b)(9) provides in pertinent part:

> [T]he court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> (9) proof of such claim is not timely filed, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal

Rules of Bankruptcy Procedure may provide.

11 U.S.C. § 502(b)(9).

Section 502(b)(9) applies to the instant objection because the cases were filed on February 16, 1996, after the date of the enactment of the amendment. *See* Pub.L. No. 103–394 § 213, 108 Stat. 4106 (1994), codified at 11 U.S.C. § 502(b)(9) (Section 502(b)(9) was enacted on October 22, 1994 and is applicable to cases filed on or after the date of enactment).

■ 5. From a plain reading of the statute, Congress must have intended to set a claims bar date for governmental units of at least 180 days from the date of the order for relief. The bar date may be later if a later date is provided by the Bankruptcy Rules. *See* 9 *Collier on Bankruptcy* ¶ 3003.03[4][a] (15th ed. 1996) ("By reason of amended section 502(b)(9) of the Code, the bar date of Rule 3003(c)(3) will only apply to governmental units if the date so set is more than 180 days after the order for relief.").

■ 6. Because ODOT as a governmental unit filed its claim properly within the 180–day period provided by Section 502(b)(9), the earlier bar date issued by this Court pursuant to Rule 3003(c) did not apply so as to render the claim untimely. The bar date for governmental units established by Section 502(b)(9) is an exception to the rule.

WHEREFORE, the debtors' objection to the claim of ODOT [P. 198] will be overruled.

ORDER ACCORDINGLY.

*ORDER OVERRULING DEBTORS' OBJECTION TO CLAIM OF OREGON DEPARTMENT OF TRANSPORTATION*

For the reasons set forth in the memorandum opinion filed simultaneously herewith, the objection [P. 198] of the debtors to Claim No. 296, the claim of the Oregon Department of Transportation, is hereby OVERRULED. Accordingly, the claim of the Oregon Department of Transportation is hereby ALLOWED as a priority tax claim in the amount of $18,856.94, and as an unsecured claim in the amount of $4,901.89.

SO ORDERED.